**RAILWAY LABOR EXECUTIVES' AS-SOCIATION, Brotherhood of Locomotive Engineers, Brotherhood Railway Carmen, International Association of Machinists and Aerospace Workers, Transportation Communications International Union, and United Transportation Union, Plaintiffs,**

v.

**GRAND TRUNK WESTERN RAILROAD CO., Grand Trunk Corporation and Canadian National Railway Co., Defendants.**

**No. 90 C 802.**

United States District Court, N.D. Illinois, E.D.

May 15, 1990.

John B. Clarke, Jr., Donald F. Griffin, Highsaw, Mahoney & Clarke, P.C., Washington, D.C., Salomon I. Hirsh (Local counsel), Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Grand Trunk Western Railroad Co. (GTW) wants to lease its Chicago "Railport" facility to Canadian National Railway Co. (CN). The lease transaction would, among other things, result in the loss of 28 railway workers' jobs. The plaintiffs, a group of railway labor unions, have collective bargaining agreements with GTW. They have each notified GTW of their intent to add terms to their agreements to cover the Railport lease, pursuant to § 6 of the Railway Labor Act, 45 U.S.C. § 156 (1970) (RLA). Those notices are presently being mediated by the National Mediation Board, pursuant to § 5 of the RLA.

On February 9, 1990, the plaintiffs filed suit in this court, seeking declaratory and injunctive relief, requiring GTW to "comply with the requirements of the RLA before it consummates the lease of its "Railport" facility ... to [CN]." Alternatively, the plaintiffs ask this court to require CN to assume the applicable agreements between plaintiffs and GTW. The defendants have responded with a motion to dismiss. The defendants make three arguments in sup-port of their motion. First, that the claim is not ripe; second, that even if plaintiffs' claims were ripe, this court lacks subject matter jurisdiction; and, finally, that plaintiffs have failed to allege a claim against defendants upon which relief may be granted. Because this court has determined that, although it may have jurisdiction over the matter, the issue is not ripe, it grants the motion to dismiss.

### Jurisdiction

This court considers the question of jurisdiction first since, obviously, if jurisdiction is lacking, it cannot decide any of the other questions presented. The question whether GTW and CN may enter the proposed lease has been submitted to the Interstate Commerce Commission (ICC), pursuant to the Interstate Commerce Act (ICA), 49 U.S.C. §§ 11343–11345. Section 11341(a) of the ICA provides that: ".... A carrier, corporation, or person participating in [an] approved or exempted transaction is exempt from the antitrust laws and from all other law, including State and municipal law, as necessary to let that person carry out the transaction...." GTW contends that this passage divests this court of jurisdiction of an RLA claim which has arisen as a result of a transaction which has already been submitted to the ICC for approval.

The question in this case is complicated because the ICC has not yet approved the proposed lease (which is why GTW also maintains that this controversy is not ripe). Nonetheless, the question has been submitted to the ICC. The ICC has not yet ruled, but has the power to issue an order exempt from the provisions of the RLA. See *Burlington Northern Railroad Co. v. United Transportation Union*, 862 F.2d 1266, 1279 (7th Cir.1988) (order exempt from RLA if, without exemption, approved transaction could not be consummated), *Brotherhood of Railway Carmen v. Interstate Commerce Commission*, 880 F.2d 562 (D.C.Cir.1989) (a transaction approved by the ICC is exempt from other laws, including the RLA, to the extent necessary to carry out the transaction). If the ICC

approves the transaction, and application of the RLA will not preclude its consummation, then this court would have jurisdiction to consider plaintiffs' complaint. *Burlington,* 862 F.2d at 1279. As the court in *Burlington* stated, "[t]he RLA is not rendered nugatory by ICC-approved transactions." *Id.* Since this court has jurisdiction to enforce the RLA, it would have jurisdiction over a dispute which implicated that statute (that is, a dispute which the ICC had not determined was exempt from the statute).

### Ripeness

Although this court could postulate factual variations pursuant to which it would have jurisdiction over this matter, the facts which actually are before this court demonstrate that this controversy is not ripe for adjudication. The ripeness doctrine involves both jurisdictional (does the complaint present a case or controversy as required by Article III) and jurisprudential (should the court defer to other branches of the federal government) issues. See generally Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §§ 3532 et seq.

GTW has proposed a lease transaction to the ICC. Plaintiffs fear the adverse impact of the lease. The ICC could decide to deny GTW's proposal. Plaintiffs will have lost nothing in that case. The ICC could also decide to allow the proposed transaction, but hold the parties subject to the RLA. Again, plaintiffs would emerge unscathed. If, on the other hand, the ICC allows the lease, and decides that it is necessary to suspend the RLA for purposes of that transaction, the plaintiffs will suffer the harm they seek here to avoid.

However, the ICC has, so far, done nothing. It does not expect to rule until July of this year. Until that time, the plaintiffs have suffered no harm. The ripeness doctrine exists "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies...." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1966). A court should address the question by evaluating "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. at 1515. There is no issue yet presented for this court to consider, since the ICC has not acted. There is, for the same reason, no harm accruing to plaintiffs pending the ICC's decision.

Plaintiffs present a litany of "undisputed" facts which they claim make this case ripe. GTW does not dispute that, should the ICC approve the transaction, it will abolish 28 jobs. CN does not dispute that it will not rehire the 28 displaced workers. Nor does CN dispute that it will not adopt the plaintiffs collective bargaining agreements with GTW. What plaintiffs cannot escape, however, is that these "undisputed facts" have not yet occurred, and are contingent upon the occurrence of another event.* The facts cited by plaintiff simply do not meet the *Abbott Laboratories* standard.

### Conclusion

Because the case is currently not ripe for adjudication, the motion to dismiss is granted.

---

* The order sought by the plaintiffs, directing GTW to comply with the RLA before it consummates the lease transaction, is unnecessary. There is no allegation that GTW is currently not in compliance with the RLA. The concern is whether CN will comply with the RLA, not to mention what the exact requirements of the RLA will be in this case. None of these is a controversy which is "ripe".